**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley, Esq. [State Bar No. 102413]
Jeffrey Robbin Lamb, Esq. [State Bar No. 257648]
137 Bay Street Unit #2
Santa Monica, CA 90405
Telephone: (310) 399 - 2555
Facsimile: (310) 399 - 1190

Attorney for PLAINTIFF VALERIE ALLEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE ALLEN, an individual, | Case No.:  2:10-CV-4695 CAS (RCx) |
| Plaintiff, | |
| vs. | EX PARTE APPLICATION TO STRIKE DEFENDANTS' WITNESSES AND DOCUMENTS AND/OR PERMIT LATE DISCLOSURE AND EXCHANGE OF EXPERT REPORT, GIVEN DEFENDANTS FAILURE TO SUBMIT INITIAL DISCLOSURES, DISCOVERY RESPONSES, AND PARTICIPATE IN THE DISCOVERY PROCESS, AND/OR FOR RECONSIDERATION OF THE PARTIES STIPULATION TO CONTINUE TRIAL AND ASSOCIATED DATES SUBMITTED ON MARCH 19, 2012; OR, IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME FOR A MOTION IN LIMINE STRIKING DEFENDANTS WITNESSES AND DOCUMENTS AND NOT PERMITTING THEM TO INTRODUCE ANY EVIDENCE AT TRIAL |
| CITY OF LOS ANGELES, a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; OFFICER N. PHAN, OFFICER BRENT HOULIHAN, OFFICER J. BEZAK, and DOES 1 though 100, inclusive, | |
| Defendants. | |

TO THE HONORABLE CHRISTINA A. SNYDER, AND TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 7-19 of the Local Rules of Practice for the United States District Court, Central District of California, Plaintiff Valerie Allen hereby make this ex parte application to the Court for relief as follows:

1.   That defendants answer be stricken and they be precluded from presenting any evidence for their gross failure to provide timely Rule 26 Initial Disclosures such that Plaintiff has been irreparably prejudiced; or

2.   That Plaintiffs be allowed to complete discovery and disclose experts in a fair and efficient manner so that the matter may be fairly tried on its merits; and

3.   That plaintiff be relieved of the requirement to mediate or alternatively refer this matter to a Magistrate because Defendants' lawyers have indicated they will offer no money period for this case, and they have maintained this stance form the beginning of the year at least.

On March 22nd, Martin Stanley, counsel for Plaintiff Valerie Allen, notified, Richard Arias, counsel for counsel for Defendant City of Los Angeles, Defendant Los Angeles Police Department, Defendant Officer N. Phan, Defendant Officer Brent Houlihan, and Officer J. Bezak (located at address and phone number), by electronic mail that this application would be made on March 22, 2012, and explained the basis for the application.  Mr. Arias informed Mr. Stanley that he opposes the application. This application is based upon this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Martin L. Stanley, all pleadings, records and papers on file in this action, and upon such other oral and documentary evidence as may be permitted for consideration by the Court.

PLEASE TAKE FURTHER NOTICE that, pursuant to the local rules of court and Judge Snyder's Procedures for filing an ex parte, that opposing papers must be filed no later than forty-eight (48) hours following service of the ex parte papers.

Dated:  March 21, 2012

/s/ MARTIN L. STANLEY
MARTIN LOUIS STANLEY
JEFFREY ROBBIN LAMB
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

#### A. Factual Background

This case involves the multiple shooting of an unarmed mentally ill lady on the street by police officers that were much taller, bigger, stronger, and faster than she was.  We shall demonstrate that defendants have failed and refused to participate in the disclosure process.  Among other things, they have not submitted their initial Rule 26 disclosures until today after having been told again and again that they had failed to serve them.

#### B. Procedural History

Plaintiff provided Defendant with her initial rule 26 disclosures on March 22, 2011.  (Dec. of Stanley Ex. "A").  Defendants have failed to provide any rule 26 Disclosure until they were personally served on Plaintiff's counsel today, March 22, 2012, only after Plaintiff's counsel informed counsel for Defendant repeatedly and again today (on March 22, 2012) that no such disclosure had ever been made. (Dec. of Stanley Ex. "B").  On September 7, 2011, Plaintiff propounded discovery to Defendants and noticed the individual officers depositions.  In October, counsel stipulated to continue the trial and all associated discovery and expert exchange dates as follows:

Trial from February 21, 2012 to June 5, 2012

Discovery Cut-off from 10/31/2011 to February 28, 2012

Motion cut-off from November 10, 2011 to March 6, 2012.

(Dec. of Stanley Ex. "C").

The reason for that stipulation as set forth in that stipulation was because Counsel for Defendant was unable to participate in discovery in this matter as a result of his trial calendar.  That stipulation indicated that the continuance would allow both parties time to fully prepare the case "given the complexity of the issues in this case and the need for both sides to have sufficient time to properly prepare."  It is clear from this stipulation that at that time it was Defense counsel's trial calendar and unavailability that made the continuance necessary.

In 2011, counsel for plaintiff had several discussions with counsel for defendant regarding the continuance and the need for the discovery including the depositions of the parties involved, the

documents requested, and the written discovery responses.  Counsel for Defendants continually indicated that he would get back to counsel for plaintiff with dates for the depositions.  Counsel for defendants also agreed to provide the answers to written discovery without objection and would get back to counsel for Plaintiff with a date certain for a simultaneous disclosure of the written interrogatory responses that had been propounded to Plaintiff.   Plaintiff's responses have been ready and sitting in the file waiting for exchange for months.  Further, Plaintiff has had a "police" expert hired on this case since 2011, waiting on discovery responses and completion of depositions in order to complete his report.

Plaintiff's trial counsel became engaged in trial in late January and before that time was preparing for trial.  That trial continued into early February.  At the same time Plaintiff counsel's associate was out of the office for a substantial period of time in February because his wife was having a baby.

On February 20, 2012, counsel for Plaintiff sent a meet and confer letter to counsel for Defendant regarding the outstanding discovery responses and also to request the depositions of the officers and custodians of records. (Dec. of Stanley Ex. "D").  Again defendants stalled and put off provided written responses or dates for the depositions, promising continually words to the effect of "we will get back with you soon."

Defendants counsel never did get back with plaintiff's counsel.  Instead, plaintiff's counsel again attempted to initiate the disclosures and discovery exchange, the completion of the depositions and the expert exchange, with no luck in getting anywhere whatsoever.

Up until today, Defendants had not provided plaintiff one piece of discovery in this case.  They have sandbagged plaintiffs' counsel, and are attempting to deny a mentally impaired woman her fair right tor trial based on just doing nothing.  At no point during this case up until today when they were again notified of their deficiencies have they provided Rule 26 disclosures.  Defendants' have not provided any documents as requested, they have not responded to written discovery, they have not provided the officers involved or the custodians of records for their properly noticed depositions, and they now have decided the day after the court's denial of the trial continuance that they had stipulated to that they do not wish to participate in the expert discovery they just stipulated to continue. (Dec. of Stanley Ex. "E").

Instead, as is evidenced by the emails (Dec. of Stanley Ex. "F") between counsel, defendants' counsel is in essence "just too busy" because of other scheduled trials to get the job done.  Counsel for Defendants' admits in those e-mails that he failed to serve any disclosures up to today's date.

Plaintiff's counsel too has trials set, one in this Court on April 10th (that may be moved to the 17th per stip filed in FC v. County of Los Angeles today), May 7th (2 trials) and May 21st; yet counsel for plaintiff is willing to work extra hours, overtime and/or weekends so that his client in this case has a fair trial on the merits.  Defendants' counsel has no excuse for the behavior engaged in this case and respectfully, this Court should not sanction it.

Counsel for Plaintiff called counsel for Defendant to attempt to work out dates to provide discovery including the written, depositions, and experts.  Counsel for Defendant indicated during that phone call on March 21, 2012 that he was not interested in exchanging expert discovery and would not agree – he is just too busy to get an expert at this late date (2 weeks after the normal expert exchange which delay has been caused wholly by defendant's wrongful conduct).

Its extremely difficult if not impossible to have an expert report before taking the depositions of the deputies involved in the incident as plaintiff is mentally ill given she was shot three times.

Respectfully, this is pure gamesmanship.  The defendants know that plaintiff is mentally ill and the Court should not allow Defendant's to get away with this type of conduct by counsel for Defendant.  There is no prejudice to defendants but great prejudice to plaintiff if this Court sanctions this unreasonable, unwarranted and wrongful conduct.

## II. ARGUMENT

### A. DEFENDANTS HAVE COMPLETELY REFUSED AND FAILED TO PARTICIPATE IN EARLY DISCLOSURES AND THE DISCOVERY PROCESS

A party who fails to make the required initial disclosure "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial…." F.R.C.P. 37(c)(1) (emphasis added); Hoffman v. Construction Protective Services, Inc. (9th Cir. 2008) 541 F3d 1175, 1179.  For instance, in one case Defendants failed to disclose the identities of 38 persons whom they proposed to call as witnesses at trial until the final pretrial conference. The untimely disclosure was not harmless

because it potentially impacted decisions plaintiffs had made during the course of litigation, and reopening discovery would be unduly costly for plaintiffs and would disrupt the court's schedule.  Ollier v. Sweetwater Union High School Dist. (SD CA 2010) 267 FRD 339, 343.

Likewise here, Defendants have untimely listed 14 witnesses along with 19 different categories of documents some of which have been served and others of which have not. (Dec. of Stanley Ex. "B"). Plaintiff's waited, and waited, and waited, and got nothing in spite of numerous requests.

Now, plaintiff has a substantial amount of work to do to fairly prepare for trial.  Plaintiff is willing to do that work, but counsel for Defendants will not allow the parties to do so even though he caused this most egregious and harmful violation of Fed. Rule of Civil Procedure 26.

In this case Defendants, the party facing sanctions (not the party seeking sanctions), have the burden of proving its failure to comply with Rule 26 was "substantially justified" or "harmless."  Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106; Wilson v. Bradlees of New England, Inc. 250 F.3d 10, 21 (1st Cir. 2001).

### B.   THERE ARE TWO POSSIBLE REMEDIES: FIRST, STRIKING DEFENDANTS WITNESSES AND DOCUMENTS LISTED ON THEIR LATE RULE 26 DISCLOSURE, OR SECOND, ALLOWING PLAINTIFF A FULL AND FAIR OPPORTUNITY TO HAVE HER CASE TRIED ON THE MERITS WITH FULL DISCOVERY RIGHTS AND THE RIGHT TO DISCLOSE EXPERTS

It would be unfair, if not impossible, to require plaintiff to provide an expert witness report, without defendants first serving their required Rule 26 disclosures and responding to discovery that has been outstanding for six months.  This Court should not permit defendants' wholesale and unfair sandbagging.  Respectfully, Plaintiff is looking to this Court for help to resolve the irregularities that have been created by the Defendants and to ensure a fair process.

Defendant has purposefully and/or negligently failed to provide any Rule 26 Disclosures, written or oral discovery, and expert disclosures and discovery for as long a period of time as possible such that Plaintiff has been entirely deprived of the opportunity to conduct meaningful discovery or question the theories or results of Defendant's case.  The problem caused by Defendants can be cured with the Court's help.

Fairness principles were applied by the 9th Circuit in <u>Childress v. Darby Lumber, Inc.</u> 357 F.3d 1000 at 1010 (9th Cir. 2004) wherein the Court stated as follows:

> Appellants assert that the district court should have excluded the opinions of appellees' expert, Dr. Vinso, because appellees failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B). However, appellees did file a disclosure statement for Dr. Vinso, which lacked detail and specificity only because appellants had failed to provide documents during discovery. Dr. Vinso's report was made available to appellants shortly after plaintiffs received the relevant information from appellants. Appellants have provided no evidence demonstrating that the district court's denial of their motion to exclude expert opinions was an abuse of discretion.

Likewise, in this case the Defendants' failure to serve initial disclosures until today, even though they have been constantly asked for those, has caused prejudice which this Court can cure as it did in Childress by allowing the completion of discovery and expert exchange. No need for a change in the trial date is necessary unless this Court believes that such continuance would enhance the fairness of the proceedings.

Defendant's counsel has agreed to allow depositions to take place, but he will not allow expert disclosure. (Dec. of Stanley Ex. "F"). Respectfully that is just plain unfair given that Defendants caused this whole problem by failing to do initial disclosures up until today's date and wholly failing to participate in the discovery process throughout the pendency of the litigation.

## C. THE COURT SHOULD ENSURE FAIRNESS OF THE PROCEEDINGS AND NOT SANCTION DEFENDANTS' CONTINUED WRONGDOING RELATING TO DISCLOSURE AND DISCOVERY

Respectfully, would it be fair for this Honorable Court to sanction gamesmanship and trickery? Plaintiff is simply asking that the Court ensure that she has her fair trial on the merits given that defendants have created multiple problems by essentially not participating in this litigation in spite of continued attempts by plaintiff's counsel to get them to participate.

## D. AT THE VERY LEAST THE COURT SHOULD HEAR THIS MATTER BY MOTION IN LIMINE ON SHORTENED TIME GIVEN THAT THE TRIAL

**DATE IS IN JUNE AND GIVEN THAT RELIEF WOULD ENSURE FAIRNESS OF THE PROCEEDINGS, OR, IN THE ALTERNATIVE, BRIEFLY CONTINUE THE TRIAL DATE SO THAT THE PARTIES MAY COMPLETE THE DISCOVERY PROCESS AND ENSURE TRIAL ON ITS MERITS.**

Even assuming, arguendo, that the Court does not wish to entertain this matter by ex parte application, the Court should shorten time for a hearing on a motion in limine relating to these issues given that trial is set for early June.  In the alternative, a brief continuance of the trial would also give the parties the time needed to ensure a fair trial.  However, in spite of Plaintiff counsel's trial calendar, Plaintiff's counsel is ready to proceed "full speed ahead" in order to complete all discovery and be prepared and ready for trial on June 4, 2012.

**III. CONCULSION**

Given the foregoing, it is respectfully requested that the Court either strike the defendants witnesses and documents and not permit them to introduce any evidence at trial and/or order that plaintiff have the right to complete discovery and disclose experts in time for the June 4th trial date, or in the alternative shorten time for a hearing on a motion requesting this relief, and/or briefly continue the trial date in order that the parties have a fair chance to have the matter tried on the merits.

Respectfully, Plaintiff requests an oral hearing so that these issues may be fairly addressed by this Court.


Dated:  March 12, 2012


/s/ MARTIN L. STANLEY
MARTIN LOUIS STANLEY
JEFFREY ROBBIN LAMB
Attorney for Plaintiff

## DECLARATION OF MARTIN L. STANLEY

I, Martin Stanley, declare:

1.  I am an attorney at law, licensed to practice in the State of California. I have personal and firsthand knowledge of the facts herein and, if called as a witness, I could and would competently testify thereto.

2.  This case involves the multiple shooting of an unarmed mentally ill lady on the street by police officers that were much taller, bigger, stronger, and faster than she was. Defendants have failed and refused to participate in the disclosure process. Among other things, they have not submitted their initial Rule 26 disclosures until today after having been told again and again that they had failed to serve them such that the relief herein requested is necessary to ensure fairness and justice.

3.  Plaintiff provided Defendant with her initial rule 26 disclosures on March 22, 2011. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's initial disclosures.

4.  Defendants have failed to provide any rule 26 Disclosure until they were personally served on Plaintiff's counsel today, March 22, 2012, only after Plaintiff's counsel informed counsel for Defendant repeatedly and again today (on March 22, 2012) that no such disclosure had ever been made. Attached hereto as Exhibit "B" is a true and correct copy of Defendant's purported Rule 26 Disclosures served on my office for the first time today, March 22, 2012.

5.  On September 7, 2011, Plaintiff propounded written discovery to Defendants and noticed the individual officers depositions.

6.  In October, counsel stipulated to continue the trial and all associated discovery and expert exchange dates as follows: Trial from February 21, 2012 to June 5, 2012; Discovery Cut-off from 10/31/2011 to February 28, 2012; Motion cut-off from November 10, 2011 to March 6, 2012. Attached hereto as Exhibit "C" is a true and correct copies of the stipulation filed with the Court in October 2011. The reason for that stipulation as set forth in that stipulation was because Counsel for Defendant was unable to participate in discovery in this matter as a result of his trial calendar. That stipulation indicated that the continuance would allow both parties time to fully prepare the case "given the complexity of the issues in this case and the

EX PARTE APPLICATION TO STRIKE DEFENDANTS' WITNESSES AND DOCUMENTS, ETC.

need for both sides to have sufficient time to properly prepare." It is clear from this stipulation that at that time it was Defense counsel's trial calendar and unavailability that made the continuance necessary.

7. In late 2011, I had several discussions with counsel for defendant regarding the continuance and the need for the discovery including the depositions of the parties involved, the documents requested, and the written discovery responses. Counsel for Defendants continually indicated that he would get back to me with dates for the depositions. Counsel for defendants also agreed to provide the answers to written discovery without objection and would get back to counsel for me with a date certain for a simultaneous disclosure of the written interrogatory responses that had been propounded to Plaintiff. Plaintiff's responses have been ready and sitting in the file waiting for exchange for months. Further, I have hired a "police" expert on this case since early 2011. He has been waiting on discovery responses and completion of depositions in order to complete his report.

8. I became engaged in trial in late January and before that time was preparing for trial. That trial continued into early February. At the same time my associate was out of the office for a substantial period of time because his wife had a baby and he needed to be home with his family.

9. On February 20, 2012, my associate was back in the office and sent a meet and confer letter to counsel for Defendant regarding the outstanding discovery responses and also to request the depositions of the officers and custodians of records. Attached hereto as Exhibit "D" is a true and correct copy of that February 20, 2012 meet and confer letter. In response, defendants stalled and put off providing written responses or dates for the depositions, promising continually words to the effect of "we will get back with you soon."

10. Defendants counsel never did get back with me. I again attempted to initiate the disclosures and discovery exchange, the completion of the depositions and the expert exchange, with no luck in getting anywhere whatsoever.

11. Up until today, Defendants had not provided plaintiff one piece of discovery in this case. They have sandbagged me, and are attempting to deny a mentally impaired woman her fair

right tor trial based on just doing nothing.  At no point during this case up until today when they were again notified of their deficiencies have they provided Rule 26 disclosures, they have not provided any documents as requested, they have not responded to written discovery, they have not provided the officers involved or the custodians of records for their properly noticed depositions, and they now have decided the day after the court's denial of the trial continuance that they had stipulated to that they do not wish to participate in the expert discovery they just stipulated to continue.  Attached hereto as Exhibit E is a true and correct copy of the March 19, 2012 stipulation to continue trial and discovery dates in this matter.

12. After the denial of the stipulation attached as Exhibit E, I contacted counsel for Defendant to attempt to work out dates to complete the discovery.  Instead, as is evidenced by the emails between counsel, defendants' counsel is in essence "just too busy" because of other scheduled trials to get the job done.  Counsel for Defendants' admits in those e-mails that he failed to serve any disclosures up to today's date.  Attached hereto as Exhibit "F" are true and correct copies of my e-mail correspondence with Counsel for Defendants.

13. I have trials set, one in this Court on April 10th (that may be moved to the 17th per stip filed in FC v. County of Los Angeles today), May 7th (2 trials) and May 21st; yet I am willing to work extra hours, overtime and/or weekends so that my client has a fair trial on the merits. Defendants' counsel has no excuse for the behavior engaged in this case and respectfully, this Court should not sanction it.

14. I called counsel for Defendant to attempt to work out dates to provide discovery including the written, depositions, and experts.  Counsel for Defendant indicated during that phone call on March 21, 2012 that he will to participate in depositions, but was not interested in exchanging expert discovery and would not agree – he is just too busy to get an expert at this late date (2 weeks after the normal expert exchange which delay has been caused wholly by defendant's wrongful conduct).

15. Its extremely difficult if not impossible to have an expert report before taking the depositions of the deputies involved in the incident as plaintiff is mentally ill, and given she was shot three times.

EX PARTE APPLICATION TO STRIKE DEFENDANTS' WITNESSES AND DOCUMENTS, ETC.

16. Respectfully, the conduct by Defendants' is pure gamesmanship. The defendants know that plaintiff is mentally ill and the Court should not allow Defendant's to get away with this type of conduct by counsel for Defendant. There is no prejudice to defendants but great prejudice to plaintiff if this Court sanctions this unreasonable, unwarranted and wrongful conduct.

I declare under penalty of perjury the foregoing is true and correct. Executed this 22nd day of March, 2012.


                                                    /S/Martin Stanley

                                          _____