UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers): **PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANTS' RULE 26 DISCLOSURES** (filed 3/22/2012)

## I.   INTRODUCTION

This case arises out of allegations that members of the Los Angeles Police Department violated plaintiff Valerie Allen's civil rights when they shot her three times on December 21, 2009.

On March 22, 2012, plaintiff filed the instant ex parte application to strike defendants' Rule 26 disclosures on the ground that the disclosures were not timely provided. Plaintiff also requests the reopening of discovery in order to provide expert disclosures. Finally, plaintiff seeks relief from the requirement to appear for mediation before a magistrate judge on the ground that defendants' attorneys have indicated they are unwilling to settle the case.

On October 21, 2011, the Court granted the parties' second stipulation to continue the trial and all discovery dates. The stipulation provided for February 28, 2012 as the "[d]iscovery completion date[]" and set trial for June 5, 2012. Dkt. No. 22. The stipulation did not designate a date for disclosing experts.

Defendants did not provide plaintiff with their Rule 26 disclosures until March 22, 2012, due to an alleged error. Declaration of Richard M. Arias ("Arias Decl.") ¶ 20.[1]

---

[1] Specifically, after plaintiff asked on March 21, 2012 why the Rule 26 disclosures had not been provided, defendants' counsel realized that the compiled and tabbed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

However, the parties agreed that they would not take depositions until April 10–13, 2012. See Arias Decl., Exh. H at 3. Based on this agreement, the untimeliness of the Rule 26 disclosures has not prejudiced plaintiff insofar as no depositions have been taken in this case. Accordingly, plaintiff's motion to strike the Rule 26 disclosures is DENIED.[2]

Moreover, because the October 21, 2011 stipulation is silent as to when expert disclosures were due, the deadline is determined by Fed. R. Civ. P. 26(D)(i). That rule provides that a party must make expert disclosures "at least 90 days before the date set for trial . . . ." Trial in this case is set for June 5, 2012; accordingly, plaintiff had until March 5, 2012 to provide expert disclosures. Because plaintiff failed to do so, the request to enlarge the date for disclosing expert witnesses is DENIED.

Finally, plaintiff's request to be relieved from the mediation requirement is DENIED.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

documents he had prepared months earlier had inadvertently not been sent. Arias Decl. ¶ 20 ("I honestly thought at that time before going through the file, that I had in fact sent [the disclosures] out."). Defendants' counsel immediately sent the file to plaintiff.

[2]Moreover, it appears that defendants' error was harmless. See Fed. R. Civ. P. 37(c)(1) (no discovery sanctions if error was harmless). Defendants list 19 sets of documents and 14 witnesses in their Rule 26 disclosures. Most of the documents are police incident, arrest, and investigative reports, medical reports, or laboratory reports, and the witness list includes only those people involved in the December 2009 incident and aftermath. All of the disclosed reports and witnesses were either referenced in plaintiff's complaint or contain facts already in plaintiff's possession, aside from the names of the paramedics who treated plaintiff, photographs from the scene, and the laboratory reports conducted on plaintiff after she was admitted to the hospital. Because there were no unexpected documents or witnesses disclosed, defendants' error was harmless. Fed. R. Civ. P. 37(c)(1).