UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Lamb<br>Martin Stanley | Richard Arias |

**Proceedings:**    **PLAINTIFF'S MOTION FOR RECONSIDERATION** (filed April 6, 2012)

**DEFENDANTS' MOTIONS IN LIMINE** (filed April 18, 2012)

## I.    INTRODUCTION AND BACKGROUND

On April 14, 2010, plaintiff Valerie Allen filed the instant suit in the Los Angeles County Superior Court against the County of Los Angeles, the Los Angeles Police Department, Officer N. Phan, Officer Brent Houlihan, Officer J. Bezak, and Does 1 through 100 (collectively "defendants"). Defendants timely removed the action to this Court on June 24, 2010. Dkt. No. 1. Thereafter, on July 9, 2010, plaintiff filed her first amended complaint ("FAC"). Dkt. No. 5. The gravamen of plaintiff's FAC is that Officers Phan, Houlihan, and Bezek violated her civil rights by using excessive and unreasonable force against her.

On March 22, 2012, plaintiff filed an ex parte application to strike defendants' Rule 26 disclosures on the ground that the disclosures were not timely provided. Plaintiff also requested the reopening of discovery in order to provide expert disclosures. Dkt. No. 26.

On March 27, 2012, the Court denied both requests, explaining that the untimeliness of the defendants' disclosure did not prejudice plaintiff. Dkt. No. 29. The Court explained that nearly all of the reports and witnesses that defendants' disclosed were either referenced in plaintiff's complaint or contain facts already in plaintiff's possession. Because the disclosure contained no unexpected documents or surprise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

witnesses, and because the parties had yet to take depositions, the Court found defendants' failure to timely disclose harmless. Id. at 2, n. 2.

On April 6, 2012, plaintiff filed a noticed motion for "relief to permit late disclosure and exchange of expert information, reports and to permit expert discovery and/or for reconsideration of plaintiff's prior ex parte." Dkt. No. 30.[1] Defendants filed their opposition on April 17, 2012. Dkt. No. 38. Plaintiff replied on April 23, 2012. Dkt. No. 49. On April 26, plaintiff's attorney, Martin Stanley, filed a supplemental declaration in which he requested a continuance of the trial date due to his health difficulties. Dkt. No. 52.

On April 18, 2012, defendants filed six motions in limine. Dkt. Nos. 40–45. Plaintiff filed her opposition on April 23, 2012.[2] Dkt. No. 48. Plaintiff filed untimely oppositions to defendants' motions in limine on May 3, 2012.[3] The Court held oral argument on May 7, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

/ / /

/ / /

/ / /

---

[1] Because plaintiff apparently seeks the same relief she sought by way of her ex parte application, the Court construes plaintiff's motion as one for reconsideration of the Court's March 27, 2012 order.

[2] Plaintiff objects to defendants' motions in limine on the grounds that defendants failed to meet and confer prior to filing their motions as required by Local Rule 7-3 and that defendants failed to file their motions in a manner that would afford plaintiff sufficient time to file her opposition as required by Local Rule 7-9. While the Court admonishes defendants to follow all local rules, the Court does not believe that their failure to do so requires denial of their motions in this instance.

[3] The Court has reviewed plaintiff's oppositions to defendants' motions in limine and finds the arguments contained therein largely unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

#### 1. Legal Standard

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

#### 2. Analysis

Because the Court continues the trial date in this action from June 5, 2012, to September 18, 2012, to accommodate the health difficulties of plaintiff's attorney, the Court finds that minimal prejudice to defendants would result from reopening expert discovery on a limited basis. Accordingly, the Court hereby reopens expert discovery so that plaintiff may disclose expert reports from one physician as well as from one forensic psychiatrist.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

    **B.**    **Defendants' Motions in Limine**

        **1.**    **To Bifurcate Damages From Liability**

Defendants argue that the Court should bifurcate the trial into a liability phase and a damages phase in order to promote judicial economy. Specifically, defendants argue that issues concerning punitive as well as compensatory damages should be tried only if the jury finds liability.

While the Court agrees with defendants that issues concerning punitive damages should be tried only if the jury finds malice, the Court declines to bifurcate issues concerning compensatory damages from liability. Accordingly, the Court GRANTS in part and DENIES in part defendants' motion in limine no. 1.

        **2.**    **To Exclude Evidence of "The Consent Decree," "The Rampart Scandal," "The Code of Silence," and "The Christopher Commission"**

Defendants argue that any evidence relating to "The Consent Decree," "The Rampart Scandal," "The Code of Silence," and "The Christopher Commission" should be excluded as irrelevant and unduly prejudicial.

The Court finds that evidence relating to the "The Consent Decree," "The Rampart Scandal," "The Code of Silence," and "The Christopher Commission" should be excluded as unduly prejudicial. Pursuant to Federal Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, . . . misleading the jury, . . . undue delay . . . [or] waste of time." In this case, evidence concerning "The Consent Decree," "The Rampart Scandal," "The Code of Silence," and "The Christopher Commission" is of no relevance for proving whether defendants violated plaintiff's civil rights. Moreover, the introduction of such evidence would likely result unfair prejudice to defendants. Therefore, the Court finds that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Thus, defendants' motion in limine no. 2 is GRANTED.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

  **3. To Bifurcate Monell**

  Defendants argue that issues of individual officer liability and municipal liability under Monell v. Dept. of Social Servs., 436 U.S. 658 (1978) should be tried separately.

  The Court agrees. Pursuant to Federal Rule of Civil Procedure 42(b), the Court may order a separate trial of any separate issue in the interest of convenience or judicial economy. Fed. R. Civ. P. 42. Here, plaintiff must first establish that the individual officer defendants deprived her of her constitutional rights before presenting evidence concerning her claim that the City of Los Angeles maintained a policy that resulted in a constitutional deprivation. Quintanilla v. City of Downey, 84 F.3d 353, 353 (9th Cir. 1996), cert denied, 519 U.S. 1122 (1997); City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."). Thus, trying the issues of individual officer liability separately from municipal liability serves the interest of judicial economy. Accordingly, defendants' motion in limine no. 3 is GRANTED.

  **4. To Exclude all Evidence of the Filing of Criminal Charges Against Plaintiff and the Subsequent Dismissal Thereof**

  Defendants argue that all evidence concerning the filing of criminal charges against plaintiff and their subsequent dismissal should be excluded as irrelevant and unduly prejudicial.

  The Court agrees. Federal Rule of Evidence 403 provides that "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, . . . , misleading the jury . . . , [or] waste of time." Fed. R. Evid. 403. In this case, the fact that criminal charges were filed against plaintiff and later dropped, is not relevant to prove that the officers used unreasonable force against her. At the same time, such evidence is likely to confuse the jury, which must decide whether the officers' use of force was objectively unreasonable when viewed in light of the facts and circumstances known to the officers at the time of the incident. See Ruvalcaba v. Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995). Therefore, the Court GRANTS defendants' motion in limine no. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

**5.  To Require Notice of Testifying Witnesses**

Defendants request that the parties be required to provide advance notice of the witnesses they intend to call.

The Court finds it appropriate to require counsel for each side to identify the witnesses they intend to call for each day of trial at least 48 hours in advance of their testifying.  However, the Court does not require counsel to provide the order in which it intends to call witnesses.

**6.  To Exclude Evidence of Other Civil Litigation, Personnel Complaints, any Unrelated Allegations of Bad Acts, and Reference to Internal Affairs Investigations**

Defendants argue that evidence of: personnel complaint investigations, internal affairs investigations and conclusions, prior civil suits involving the officers, and unrelated allegations against the officers should be excluded as irrelevant and unduly prejudicial.

The Court finds that insofar as plaintiff would offer any of this evidence to prove the officers' liability, such evidence must be excluded.  First, evidence of other civil litigation, personnel complaints, and other prior alleged misconduct must be excluded under Federal Rule of Evidence 404(b) which provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  This evidence is only relevant to potential Monell issues.  See Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993) (excluding evidence of prior acts of police officer in civil rights case).  Next, admitting evidence concerning internal affairs investigations and conclusions would be unduly prejudicial.  Federal Rule of Evidence 403 provides that "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, . . . , misleading the jury . . . , [or] waste of time."  Fed. R. Evid. 403.  In Maddox v. City of Los Angeles, 792 F.2d 1408, 1417 (9th Cir. 1986), the Ninth Circuit excluded evidence of the police department's internal affairs investigation, wherein the officer in question admitted to violating the department's policy on choke holds.  In so holding, the court explained that the jury might infer that the officer was guilty of wrongdoing "merely because the Police Department conducted disciplinary proceedings[,]" and that the jury might give "unfair or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695 CAS (RCx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN v. CITY OF LOS ANGELES; ET AL. | | |

undue weight" to such evidence.  Id.  Here, as in Maddox, were the Court to admit evidence of internal affairs investigations and conclusions to prove to the officers' liability, it would be unfairly prejudicial to the officers.[4]  Thus, insofar as plaintiff would seek to offer evidence of: personnel complaint investigations, internal affairs investigations and conclusions, prior civil suits involving the officers, and unrelated allegations against the officers in order to prove the officers' liability in this instance, the Court hereby GRANTS defendants' motion in limine no. 6.

However, in the event this case proceeds to a Monell phase, this evidence may be admissible to demonstrate the policies or practices of the City of Los Angeles and that such policies and practices resulted in a violation of plaintiff's civil rights.  Because it is unclear precisely what plaintiff would seek to introduce, the Court DENIES defendants' motion in limine without prejudice with regard to any Monell phase.

## III. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion for reconsideration.  The Court hereby reopens discovery in order for plaintiff to disclose expert reports from a physician as well as a forensic psychiatrist.  The Court GRANTS in part and DENIES in part defendants' motion in limine no. 1.  The Court GRANTS defendants' motions in limine nos. 2–5.  The Court GRANTS in part and denies in part without prejudice defendants' motion in limine no. 6.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[4] In reaching this determination, the Court notes that if an internal affairs investigation concluded that the officers breached the Los Angeles Police Department's guidelines, this would not be dispositive to the jury's determination of whether the officers intentionally violated a clearly established constitutional right.  See Davis v. Scherer, 468 U.S. 183, 194 (1984); Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1989) ("While the unfortunate incident that gave rise to the lawsuit would not have occurred if [the defendant police officer] had followed the department's guidelines, police department guidelines do not create a constitutional right.").