UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV 10-4695-CAS (RCx) | Date | December 26, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN V. CITY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants

Not Present                                               Not Present

**Proceedings:**   **(In Chambers:) ORDER REGARDING INDEMNIFICATION OF DEFENDANTS BEZAK AND HOULIHAN BY THE CITY OF LOS ANGELES**

The question presently before the Court is whether the City of Los Angeles, by and through its attorney of record, stipulated to liability on plaintiff's Monell claim asserted against the City. The Court concludes that the City did not.

A bifurcated jury trial in this case was held on September 18–21 and 24–28, 2012. On September 21, 2012, Phase 1 of the bifurcated trial came to a close. This phase addressed the liability of Officers Bezak, Phan, and Houlihan under California and federal law. After deliberating for three days, on September 27, 2012, the jury found that Officers Bezak and Houlihan were liable for acting negligently and in violation of plaintiff's federal constitutional rights. Dkt. No. 102. Because the jury also found that Officers Bezak and Houlihan's conduct was malicious, oppressive, or in reckless disregard of plaintiffs' constitutional rights, the Court proceeded to Phase II of the bifurcated trial on September 28, 2012, to address the question of punitive damages.

Pursuant to an oral stipulation between the parties at trial, plaintiff did not try her Monell claim in Phase II of the trial; this phase only addressed plaintiff's claim for punitive damages against the individual officers. The parties dispute the content of this stipulation. Although plaintiff argues that the City agreed to accept "liability," the transcript of the that day's proceedings does not support plaintiff's argument. Dkt. No. 134. In relevant part, defendants' counsel stated that he would "stipulate on the record that the City will *indemnify* the officers." Id. Ex. A, 8:23–9:4 (emphasis added). An agreement by the City to indemnify the officers for any judgment rendered against them is not the same as stipulating to liability on plaintiff's Monell claim asserted against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV 10-4695-CAS (RCx) | Date | December 26, 2012 |
|---|---|---|---|
| Title | VALERIE ALLEN V. CITY OF LOS ANGELES, ET AL. | | |

City. Plaintiff is thus incorrect when she argues that "[i]ndemnity means that the City is liable." Dkt. No. 134 at 2.

Accordingly, the Court concludes that judgment shall be entered only against the defendant officers and not against the City. Pursuant to the parties' stipulation, the Court further orders the City of Los Angeles to indemnify Officers Bezak and Houlihan for the judgment entered against them in their individual capacities.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |