UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695-CAS (RCx) | Date | January 24, 2013 |
|---|---|---|---|
| Title | VALERIE ALLEN V. CITY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants

Not Present   Not Present

**Proceedings:**   **(In Chambers:) ORDER REGARDING AMENDMENT OF THE JUDGMENT ENTERED IN THIS CASE**

    On January 21, 2013, plaintiff Valerie Allen filed an ex parte application, pursuant to Federal Rule of Civil Procedure 59(e), to amend the judgment entered against defendants Officers Houlihan and Bezak. Dkt. No. 145. Defendant opposed the application on January 23, 2013. Dkt. No. 146. This Court has jurisdiction to entertain plaintiff's motion. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 59 (1982) (per curiam) (holding that a district court has "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed").

    In a previous minute order, the Court addressed the question of whether judgment should be entered against the City of Los Angeles on plaintiff's Monell claim. Dkt. No. 141. Because the City, by and through its attorney, only agreed to "indemnify" the officers for any judgment rendered against them on the Monell claim, the Court found that judgment should be entered only against the defendant officers on this claim. Contrary to defendants' contentions, the parties did not raise and the Court did not address in its prior order whether judgment should be entered against the City on plaintiff's negligence claim.

    Plaintiff now requests that the Court amend its judgment to reflect that the City is liable for the judgment the jury rendered with respect to plaintiff's negligence claim. See Cal. Gov't Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). The Court agrees that amending

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4695-CAS (RCx) | Date | January 24, 2013 |
|---|---|---|---|
| Title | VALERIE ALLEN V. CITY OF LOS ANGELES, ET AL. | | |

the judgment previously entered in this case is appropriate pursuant to Fed. R. Civ. P. 59(e). At trial on September 25, 2012, counsel for defendants stipulated on the record that the officers were acting "within the course and scope of their employment" with respect to plaintiff's negligence claim. Dkt. No. 134 at 8:23–9:3. Pursuant to this stipulation, the Court concludes that judgment against the City should be entered on plaintiff's negligence claim. See Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 209 (1991). Since the jury found plaintiff to be 7% responsible, and the defendant officers 93% responsible for plaintiff's injuries, judgment shall be entered against the City of Los Angeles in the amount of $2,976,000, or 93% of the total judgment of $3,200,000.

In accordance with the foregoing, the Court shall issue an amended judgment forthwith.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |